## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 23, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**VERONICA COBBLE,**
**Appellee Below, Petitioner**

**v.) No. 24-ICA-201**  (Cir. Ct. of Raleigh Cnty. Case No. CC-41-2024-C-AP-2)

**BRIDGETTE LESTER,**
**Appellant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Veronica Cobble appeals the Circuit Court of Raleigh County's May 10, 2024, Order Granting Judgment on Appeal. In that order, the circuit court entered judgment in favor of Ms. Cobble in the amount of $3,000.00 against Respondent Bridgette Lester following an appeal of this matter from magistrate court. Ms. Lester filed a response in support of the circuit court's order.[1] Ms. Cobble did not file a reply.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were roommates on December 6, 2022, when Ms. Lester accidentally caused damage to the side of Ms. Cobble's vehicle. As a result, Ms. Cobble sued Ms. Lester in magistrate court. Ms. Lester eventually appealed the magistrate court judgment to circuit court. On May 9, 2024, the circuit court held a bench trial. Neither the magistrate court records, nor the transcript of the bench trial from circuit court are in the record before this Court.

On May 10, 2024, the circuit court entered the order on appeal. In that order, the circuit court noted that the parties submitted photographs of the damage to Ms. Cobble's vehicle as well as competing estimates for repairs. Ms. Lester's estimate was for

---

[1] Both parties are self-represented.

[2] No document titled a reply was filed, but Ms. Cobble filed a supplemental appendix which contained an invoice from a body shop that includes a handwritten notation stating that the invoice shows that the doors could not have been replaced for $2000.00 as Ms. Lester claimed.

1

approximately $2,000.00 while Ms. Cobble's was approximately $4,181.81. The circuit court noted that its review of the photographs revealed that the damage consisted only of scrapes, scuffs, and a few minor dents to the passenger side. However, Ms. Lester's estimate did not adequately account for the full extent of damages to Ms. Cobble's vehicle. Therefore, the circuit court concluded that a fair amount of damages was $3,000.00 and awarded that amount to Ms. Cobble plus court costs and interest.

In this appeal, we apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

On appeal, Ms. Cobble asserts four assignments of error. However, our review is hampered by Ms. Cobble's failure to include within the appendix relevant documentation from the underlying proceedings. Rule 7(d) of the West Virginia Rules of Appellate Procedure requires that a petitioner, such as Ms. Cobble, "shall prepare and file an appendix containing," among other items, "[t]he judgment or order appealed from, and all other orders applicable to the assignments of error on appeal," "*[m]aterial excerpts from official transcripts of testimony or from documents in connection with a motion*," and "*[o]ther parts of the record necessary for consideration of the appeal*." W. Va. R. App. P. 7(d) (emphasis added).

This requirement is expounded upon in Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure which requires that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Under this Rule, "[t]he Intermediate Court . . . may disregard errors that are not adequately supported by specific references to the record on appeal." W. Va. R. App. P. 10(c)(7). As our Supreme Court of Appeals has held:

> An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966). Further, an appellate court "will not consider an error which is not properly preserved in the record nor apparent

2

on the face of the record." Syl. Pt. 4, *State v. Browning*, 199 W. Va. 417, 485 S.E.2d 1 (1997).

Here, Ms. Cobble failed to include relevant documents from the magistrate court proceeding, failed to adequately brief her assignments of error, and failed to cite to the record to show how and when the issues raised in her assignments of error were presented to the circuit court. However, our review is most hampered by Ms. Cobble's failure to include a transcript of the circuit court proceedings in her appendix. Not only is a transcript integral to this Court's review of the proceedings below, but in this case, it is particularly relevant considering that Ms. Cobble's arguments on appeal are that the circuit court failed to properly consider the evidence. Without a proper appendix, we cannot adequately consider such arguments. Based on the limited record before us, we find that Ms. Cobble has failed to provide this Court with a record affirmatively showing error below, and, thus, we conclude there is no basis upon which to grant Ms. Cobble relief. Therefore, we cannot conclude that the circuit court's ultimate disposition is an abuse of discretion or that its factual findings are clearly erroneous.

Accordingly, we affirm.

Affirmed.

**ISSUED:** December 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

3